UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC CHOUKROUN, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                Plaintiff,<br><br>  -against-<br><br>ISLAND EXTERIOR FABRICATORS LLC,<br><br>                Defendant. | **COMPLAINT**<br><br>**Docket No.: 21-cv-4280**<br><br>Jury Trial Demanded |

ISAAC CHOUKROUN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ISLAND EXTERIOR FABRICATORS LLC ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.  This is a civil action for damages and equitable relief based upon Defendant's willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the overtime provisions of the Massachusetts General Law ("MGL"), M.G.L. ch. 151, § 1A, Code Mass. Regs. ("CMR") tit. 454, § 27.03(3); (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information

on each payday, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a New York limited liability company based in Suffolk County that provides façade design and installation services throughout the Northeastern United States - - as a design associate from November 12, 2018, through on or about March 12, 2020, at Defendant's office located in Boston, Massachusetts, and then from March 13, 2020, through July 1, 2021, at Defendant's office located in New York, New York.

3. As described below, throughout the entirety of Plaintiff's employment, Defendant misclassified Plaintiff as exempt and failed to pay Plaintiff the overtime wages due to him under the FLSA, the NYLL, and the MGL. Specifically, despite performing non-exempt duties, Defendant required Plaintiff to work, and Plaintiff did work, in excess of forty hours virtually each week, yet Defendant paid Plaintiff a flat salary regardless of the total hours that Plaintiff worked in a week, and therefore did not pay Plaintiff overtime premiums for the hours that he worked over forty in a week, in violation of the overtime provisions of the FLSA, the NYLL, and the MGL.

4. Defendant further violated the NYLL by failing to provide Plaintiff with an accurate wage statement on each payday for the time when Plaintiff worked in New York.

5. Defendant paid and treated all of its non-managerial design associates in, at least, New York and Massachusetts in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings his claims

under New York law and Massachusetts law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as the term is defined below, who opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL and MGL limitations periods who worked for Defendant in New York and/or Massachusetts, respectively, and who suffered damages as a result of Defendant's violations of the NYLL and the MGL and their supporting regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et. seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law and Massachusetts law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides in this judicial district, specifically Suffolk County.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendant in either New York or in Massachusetts, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, the NYCRR, the MGL, and the CMR.

11. At all relevant times herein, Defendant was and is a New York limited liability company with its principal place of business located at 1101 Scott Avenue, Calverton, New York 11933.

12. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA, the NYLL, and the MGL. Additionally, at all times relevant to the FLSA, Defendant's qualifying annual business has exceeded and exceeds $500,000.00, and Defendant

was and is engaged in interstate commerce within the meaning of the FLSA, as it employed and employ two or more employees and conducts business in several states, including New York, Massachusetts, New Jersey, Rhode Island, and Vermont, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendant as design associates, or in another similar position, in either New York or Massachusetts, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times herein, Defendant is and has been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and choose not to do so. Indeed, despite Plaintiff's numerous complaints to

Defendant throughout his employment that it was not paying him overtime despite the fact that he was entitled to it, Defendant continued not to pay him overtime.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3) on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendant subjected to violations of the NYLL, the NYCRR, the MGL, and the CMR.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following two FRCP 23 classes, collectively referred to herein, where appropriate, as "Rule 23 Plaintiffs":

   a. New York Class

   Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendant in New York as a design associate or in another similar position ("New York Class").

5

b. Massachusetts Class

Current and former non-managerial employees, who during the applicable MGL limitations period, performed any work for Defendant in Massachusetts as a design associate or in another similar position ("Massachusetts Class").

Numerosity

20. At all times relevant to the NYLL and the MGL, Defendant has employed, in total, at least forty employees who are putative members of both the New York Class and the Massachusetts Class.

Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendant failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendant furnished members of the New York Class with an accurate wage statement on each payday containing the information required by NYLL § 195(3); (6) whether Defendant kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (7) whether Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (8) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and/or MGL and their supporting regulations; and (10) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and/or the MGL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant as non-managerial design associates, or in other similar positions, in New York and/or in Massachusetts, and Defendant did not: properly pay them overtime at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty; and/or provide members of the New York Class with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and/or the MGL to receive overtime wages at the statutory-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty, and - - with respect to the NYLL - - to be furnished with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and/or MGL and their supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation, due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defense to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendant's defenses to those claims.

### Adequacy

23. Plaintiff, as described below, performed similar duties and worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant. Defendant did not pay Plaintiff overtime at a rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, and did not did furnish Plaintiff with an accurate wage

7

statement on each payday while he worked in New York, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any non-managerial design associates, or person working in another similar position for Defendant in New York or Massachusetts, would be identical to a suit brought by any other similar employee for the same violations alleged herein. Thus, separate litigation would risk inconsistent results.

27. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

28. Defendant is a New York limited liability company, based in Suffolk County, which provides façade design and installation services in the northeastern United States, including New York, in Connecticut, and Massachusetts.

29. Plaintiff worked for Defendant as a design associate in Defendant's office located at 179 Lincoln Street, Suite 406, Boston, Massachusetts 02111 ("Boston Office"), from November 12, 2018, through on or about March 12, 2020. In that role, Plaintiff's primary job duties consisted

of reporting to a lead architect and assembling manuals/guides used to fabricate the architect's building designs for commercial building exteriors/façades, and tabulating the design team's progress on various architectural projects.

30. On or around March 12, 2020, Defendant reassigned Plaintiff to work from its Boston Office to its office located at 1 Battery Park Plaza, New York, New York 10004 ("New York City Office"). Plaintiff physically began working in Defendant's New York City Office on August 1, 2020, where he continued working until his last day of work on June 30, 2021. Plaintiff also worked for Defendant as a design associate in the New York City Office, where he performed the same job that he performed for Defendant in its Boston Office.

31. Throughout his employment in both the Boston and New York City Offices, Defendant required Plaintiff to work, and Plaintiff did generally work, five or six days per week, Monday to Friday plus sometimes either Saturday or Sunday, from between 7:00 a.m. and 8:15 a.m. to between 5:30 p.m. and 7:30 p.m., without an uninterrupted break, for between forty-six and one-quarter and seventy-five hours per week.

32. For his work, from the start of his employment until March 9, 2021, Defendant paid Plaintiff a flat annual salary of $50,000.00, equivalent to $961.54 per week, regardless of the number of hours that he worked in a week. Thereafter, from on or about March 10, 2021, through the end of his employment on June 30, 2021, Defendant paid Plaintiff a flat annual salary of $58,000.00, equivalent to $1,115.40 per week, regardless of the number of hours that he worked in a week. At no time throughout Plaintiff's employment - - neither in Defendant's Boston nor New York City Offices - - did Defendant pay Plaintiff at the rate of one and one-half times his regular rate of pay for any hours that he worked over forty in a week.

33.     Defendant maintained a workweek for its employees that spanned from Wednesday to Tuesday.

34.     By way of example, for the workweek of Wednesday, December 12, 2018, through Tuesday, December 18, 2018, Defendant required Plaintiff to work in Defendant's Boston Office, and Plaintiff did work, a total of forty-six and one-quarter hours according to the following schedule:

>   Wednesday, December 12, 2018: 8:15 a.m. to 5:30 p.m.;
>
>   Thursday, December 13, 2018: 8:15 a.m. to 5:30 p.m.;
>
>   Friday, December 14, 2018: 8:15 a.m. to 5:30 p.m.;
>
>   Saturday, December 15, 2018: off;
>
>   Sunday, December 16, 2018: off;
>
>   Monday, December 17, 2018: 8:15 a.m. to 5:30 p.m.; and
>
>   Tuesday, December 18, 2018: 8:15 a.m. to 5:30 p.m.

For his work during this workweek, Defendant paid Plaintiff his weekly salary of $961.54 for all hours worked.  Defendant failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for the 6.25 hours that he worked beyond forty for this week.

35.     By way of a second example, for the workweek of Wednesday, April 22, 2020, through Tuesday, April 28, 2020, Defendant required Plaintiff to work in Defendant's New York City Office, and Plaintiff did work, a total of fifty-two and one-half hours according to the following schedule:

>   Wednesday, April 22, 2020: 7:00 a.m. to 6:30 p.m.;
>
>   Thursday, April 23, 2020: 7:00 a.m. to 6:30 p.m.;
>
>   Friday, April 24, 2020: 7:00 a.m. to 6:30 p.m.;

      Saturday, April 25, 2020: off;

      Sunday, April 26, 2020: off;

      Monday, April 27, 2020: 7:00 a.m. to 6:30 p.m.;

      Tuesday, April 28, 2020: 7:00 a.m. to 6:30 p.m.;

For his work during this workweek, Defendant paid Plaintiff his weekly salary of $961.54 for all hours worked. Defendant failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for the 12.5 hours that he worked beyond forty for this week.

    36.    From the start of his employment through March 2020, Defendant paid Plaintiff on a bi-weekly basis by check. Thereafter, beginning in or around early April 2020, Defendant paid Plaintiff on a weekly basis by check.

    37.    On each occasion when Defendant paid Plaintiff while Plaintiff worked in Defendant's New York City Office, Defendant failed to furnish Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked, his overtime rate, and his overtime wages owed.

    38.    Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

    39.    Each hour that Plaintiff worked was for Defendant's benefit.

    40.    Defendant acted in this manner to maximize its profits and minimize its labor costs and overhead.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the FLSA*

    41.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

11

42. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

43. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

44. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

45. Defendant willfully violated the FLSA.

46. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCRR*

48. Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

51. As also described above, Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

52. Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

53. Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the MGL and the CMR*

54. Plaintiff, members of the Massachusetts Class, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. M.G.L. ch. 151, § 1A and 454 C.M.R. § 27.03(3) require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

56. As described above, Defendant is an employer within the meaning of the MGL and the CMR, while Plaintiff, members of the Massachusetts Class, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the MGL and the CMR.

57. As also described above, Plaintiff, members of the Massachusetts Class, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours a workweek, yet Defendant failed to compensate them in accordance with the MGL's and the CMR's overtime provisions.

58. Plaintiff, members of the Massachusetts Class, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

59. Plaintiff, members of the Massachusetts Class, and any FLSA Plaintiff who opts-in to this action are also entitled to treble damages, interest, and attorneys' fees for Defendant's violations of the MGL's and the CMR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

60. Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. NYLL § 195(3) requires that employers furnish employees with a wage statement on each occasion when the employer pays wages to the employee that contains accurate, specifically enumerated criteria.

62. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

63. As also described above, Defendant, on each payday, failed to furnish Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action with accurate wage statements that contained the criteria required under the NYLL.

64. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, members of the New York Class, and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000 per person.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, New York, and Massachusetts laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or any Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL, the NYCRR, the MGL, and the CMR pursuant to FRCP 23.

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any shortfall between wages

paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

  g. Liquidated and/or treble damages, and any other statutory penalties as recoverable under the FLSA, the NYLL, and the MGL;

  h. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   July 30, 2021

            Respectfully submitted,

            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            910 Franklin Avenue, Suite 200
            Garden City, New York 11530
            Tel. (516) 248-5550
            Fax. (516) 248-6027

     By: _____
            MICHAEL R. MINKOFF (MM 4787)
            ALEXANDER T. COLEMAN (AC 8151)
            MICHAEL J. BORRELLI (MB 8533)