

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Matthew R. Capobianco
631.247.4736 direct
631.247.4700 main
631.719.7811 fax
mcapobianco@littler.com

November 17, 2022

**BY ECF**

Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: *Isaac Choukroun Guindi v. Island Exterior Fabricators LLC, et al.*
      U.S. District Court, E.D.N.Y., Civil Docket No. 2:21-cv-04280 (ENV)(JMW)

Dear Judge Vitaliano:

This office represents the Defendants in the above referenced matter.  Defendants write, along with Plaintiff, to submit this letter setting forth their views on why the agreed upon settlement in this matter is both fair and reasonable. The parties respectfully ask the Court to retain jurisdiction for purposes of enforcement of this settlement if approved.

The parties have agreed to a negotiated settlement ("Agreement") after many arm's length discussions and a private mediation session with Raymond Nardo, Esq. of Raymond Nardo, P.C., an experienced employment law mediator and panel member of the Eastern District's Mediation Program. A copy of the proposed Agreement is attached hereto as "**Exhibit A**."  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

1.  **Background**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, the Massachusetts General Law ("MGL"), and the notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff alleges that he was employed by Defendants as a design associate in both Defendants' New York and Massachusetts offices. Plaintiff alleges that Defendants maintained a policy and practice of requiring Plaintiff to work, in excess of forty hours per week without paying him the proper overtime compensation required by federal and state laws. Plaintiff also alleges that

Judge Eric N. Vitaliano
November 17, 2022
Page 2

Defendants failed to provide him with a wage notice form and accurate wage statements in violation of the New York Labor Law.

Defendants deny all of the allegations in the Complaint. For one, Defendants dispute that Plaintiff is entitled to overtime in the first place. At all times relevant, Plaintiff was properly classified as exempt under the FLSA's professional exemption and therefore not entitled to any overtime compensation. In fact, during informal discovery, Defendants provided Plaintiff documentary evidence demonstrating that Plaintiff performed exempt job duties and was paid, at all relevant times, at least the minimum salary required to maintain the exemption under the FLSA, the NYLL, and the MGL.

With the mediator's assistance, during their mediation on October 27, 2022, the parties agreed to settle this action for the total sum of $10,000. The settlement will be paid in a lump sum payment upon approval.

## 2. The Settlement Is Fair and Reasonable.

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks*, 796 F.3d at 206-07. Rule 41 dismissals of FLSA claims without prejudice now also require court approval. *Samake v. Thunder Lube, Inc*., 24 F.4th 804, 804 (2d Cir. 2022). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "There is a strong presumption in favor of finding a proposed FLSA settlement agreement to be fair and reasonable because the Court can never be 'in as good of a position as the parties to determine the reasonableness of an FLSA settlement.'" *Lazaro v. Liberty Car Serv., Inc.*, 2021 WL 5508071, at *2 (E.D.N.Y. Mar. 23, 2021) *adopted by*, 2021 WL 4487874 (E.D.N.Y. Sept. 30, 2021) (quoting *Martinez v. Aguilar v. VBFS Inc.*, 2020 WL 1036071, at *1 (S.D.N.Y. Mar. 3, 2020)). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citation omitted). In evaluating the fairness of a proposed settlement of FLSA claims, most courts in this Circuit apply the factors articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), which the Second Circuit has twice recently endorsed. *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 413 (2d Cir. 2019). Under *Wolinksy*, "'[i]n determining whether [a] proposed settlement is fair and reasonable, a court . . . consider[s] the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.'" *Mendez v. Teo Bia Corp*., 2019 WL 13225183, at *1 (E.D.N.Y. Oct. 30, 2019) (Vitaliano, *J*.) (quoting *Wolinsky*, 900 F. Supp. 2d at 335.) The parties submit that their settlement of Plaintiff's FLSA claims is fair and reasonable based on an analysis of the *Wolinsky* factors.

Judge Eric N. Vitaliano
November 17, 2022
Page 3

Firstly, the range of recovery supports the parties' settlement here. Based on Defendants' time records, Plaintiff alleges that he was entitled to back wages of approximately $17,396.16, which would result in a maximum of $34,792.32, if liquidated damages under the FLSA were also included. Plaintiff's recovery, after attorneys' fees and costs is $6,131.00, representing 35% of his alleged unpaid wages under the FLSA (without liquidated damages), and 18% of his estimated best-day recovery with liquidated damages (which as explained below were susceptible to summary judgment). Thus, Plaintiff's reasonable range of recovery is $0.00 to $34,792.32, for his FLSA claim.[1]  This percentage is reasonable under the circumstances of this case. *See Gervacio v. ARJ Laundry Servs. Inc.*, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (finding twenty percent of maximum recovery reasonable in light of circumstances); *Villanueva v. 179 Third Avenue Rest Inc.*, 2018 WL 4100479, at *2 (S.D.N.Y. Aug. 28, 2018) (finding "less than six percent of estimated maximum recovery" to be reasonable in light of the circumstances); *see also Lazaro*, 2021 WL 5508071, at *3 ("Even where a proposed settlement is a far lower percentage of the total amount claimed by a plaintiff, Courts will still approve the settlement in light of a defendant's claimed defenses and the uncertainty of litigation.").

Secondly, the litigation risks and the burdens of continued litigation also support settlement here. Indeed, during the litigation, the parties exchanged informal discovery in advance of their mediation and as a result of those exchanges, it was determined that there were sharply contested factual and legal disputes that go to the heart of Plaintiff's claims.  Specifically, Defendants adamantly assert that Plaintiff was an exempt professional employee not entitled to overtime pay, and that he was paid properly for all hours worked, and produced documents to Plaintiff's counsel that strongly supported their position.  Thus, had the parties continued with the litigation, the parties would have engaged in formal discovery, including depositions.  Moreover, the parties would have engaged in eventual summary judgment motion practice, which - - after reviewing Defendants' documents - - Plaintiff's counsel believed Plaintiff's claims risked dismissal.  Courts have also recognized that discovery, continued litigation, and eventual trial practice may "meaningfully decrease possible recovery for Plaintiff[s]." *Flores v. Mama Lombardi's of Holbrook, Inc*., 2015 WL 2374515, at *5 (E.D.N.Y. May 18, 2015).  Thus, with the litigation risks and costs only expected to substantially rise for all parties, the parties submit that the settlement is fair and reasonable here.

Thirdly, as to whether the settlement is the product of arm's-length bargaining and is a reasonable, non-collusive resolution of the case, the settlement negotiations were protracted and concluded only after a private mediation and informal discovery.  There was no fraud or collusion here. *See Hernandez v. Anjost Corp.*, 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("A settlement like this one, reached with the help of a third-party neutral, enjoys a presumption that the settlement achieved meets the requirements of due process.").

Lastly, the Agreement does not contain any terms that would militate against the Court approving it.  For instance, Plaintiff's release in the Agreement is limited to any wage and hour claims that

---

[1] Plaintiff estimates that his maximum recovery - - if statutory penalties and liquidated damages under state law are included - - is $52,748.00.

Judge Eric N. Vitaliano
November 17, 2022
Page 4

Plaintiff has or may have had against Defendants and does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. *See Ezpino v. CDL Underground Specialists, Inc.*, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017) (citing *Cheeks,* 796 F.3d at 206); *Flood v. Carlson Restaurants Inc.*, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015); *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180-81 (S.D.N.Y. Mar. 30, 2015). Likewise, the Agreement does not contain a confidentiality or non-disparagement clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Flood*, 2015 WL 4111668, at *1 (citing *Lopez*, 96 F. Supp. 3d at 177-78); *also compare Ezpino*, 2017 WL 3037483, at *2-3 (citing *Cheeks,* 796 F.3d at 206) (approving settlement agreement where it did not "contain a confidentiality provision nor does it contain a non-disparagement clause"); *with Cortes v. The Bronx Bar and Grill, LLC*, 2019 WL 6318430, at *2-3 (Nov. 25, 2019) (declining to approve the settlement because it contained a broadly worded confidentiality provision but stating that it would approve an amended settlement provided it contained a more narrowly crafted confidentiality provision). Plainly, the parties' agreement passes muster under the *Wolinsky* factors.

### 3. <u>Plaintiff's Attorneys' Fees are Fair and Reasonable</u>

Moreover, in addition to assessing the reasonableness of the settlement amount, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in Rule 41 FLSA settlements, it is "to ensure that the interest of [p]laintiff's counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Under the settlement, and in accordance with his retainer agreement with his counsel, Plaintiff's counsel will receive $3,869.00, which consists of $3,333.34 (1/3 of the gross settlement sum) in attorneys' fee and $535.66 in out-of-pocket litigation expenses, as agreed in Plaintiff's retainer agreement. While the Second Circuit has recently emphasized that in most "'run of the mill' FLSA cases, it does not make sense to limit fees to 33% of the total settlement," *Fisher*, 948 F.3d at 603-604, Plaintiff notes that courts in this Circuit nevertheless routinely approve attorneys' fee awards at a rate of one-third of the total settlement. *Fresno County Employees' Retirement Assoc. v. Isaacson/Weaver Family Trust*, 925 F.3d 63, 71 (2d Cir. 2019) (quoting *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 419 (2d Cir. 2010)) ("[W]e have previously noted that 'the percentage method has the advantage of aligning the interests of plaintiffs and their attorneys more fully'"); *see also Cregg v. Firstservice Residential N.Y., Inc.*, Case No. 15-cv-3876-LB, Dkt. No. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases setting attorneys' fees at one-third of the settlement).

Judge Eric N. Vitaliano
November 17, 2022
Page 5

Additionally, the reasonableness of Plaintiff's counsel's requested fee is further solidified by "[a]pplying the lodestar method as a cross check." *See Fresno County Employees' Retirement Assoc.*, 925 F.3d at 72 (citing *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)) ("district courts should use the lodestar as a 'baseline' against which to cross-check a percentage fee"). In order to calculate the lodestar check, the Firm multiplied the attorney and paralegal hours spent on the case by each individual's reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). As of November 3, 2022, Plaintiff's counsel has billed nearly 81.80 hours on this matter amounting to $18,397.50, in fees if calculated pursuant to the lodestar, an amount obviously substantially more than the $3,333.34 in fees sought from the settlement.[2] This figure is based on hourly rates of: $400.00 per hour for Michael J. Borrelli, Esq., Plaintiffs' counsel's firm's managing partner; $350.00 per hour for Alexander T. Coleman, Esq., the firm's partner who supervised all associate work in this case; $300.00 per hour for Caitlin Duffy, Esq., of counsel and lead associate on this matter as of August 17, 2021; $295.00 per hour for Michael Minkoff, Esq., former senior counsel and former lead associate on this matter; $200.00 per hour for Mason L. Steinberg, Esq. a former junior associate who worked on this matter; and $90.00 per hour for paralegals. Courts routinely approve these rates in similar cases. *See, e.g.*, *Feuer et al. v. Cornerstone Hotels Corp. and Naeem Butt,* 2:14-cv-05388-JFB-SIL, Dkt. No. 121, Order (E.D.N.Y. Oct. 20, 2021) (Bianco, *J.*); *Salto v. Alberto's Constr., LLC*, 2020 WL 4383674, at *7 (S.D.N.Y. July 31, 2020) (on a contested motion to enforce a settlement agreement and for an award of attorneys' fees incurred with same, specifically approving the requested hourly rates of $350.00 for Alexander T. Coleman, Esq., partner, and $295.00 per hour for lead associate litigating case, and noting same "are reasonable."); *In re Murray ex rel. Pryor v. Ambassador Coll. Bookstores, Inc.*, Case No. 2:18-cv-01388-AKT, ECF # 45 (E.D.N.Y. Dec. 13, 2019) (on a *Cheeks* motion, finding that "[t]he thorough and well-reasoned presentation of counsel with regard to the fairness and reasonableness assessment is persuasive. . . [t]he Court . . . finds that . . . [t]he hourly rates in this case . . . fall within the range of reasonable rates within the Eastern District of New York."); *Perez v. Merrick Deli & Grocery, Inc. et al.*, 13-cv-5166-ILG-JO, Dkt. No. 60 (E.D.N.Y. Apr. 4, 2019) (on a contested attorneys' fees motion filed after trial in a wage and hour case, awarding Borrelli & Associates, P.L.L.C. attorneys' fees at the rates that they request here, and recognizing that "this Court and the neighboring Southern District of New York have routinely approved these billing rates for Borrelli & Associates"). Plaintiff's counsel's contemporaneous billing records are attached hereto as **Exhibit B**.

Additionally, Plaintiff's counsel seeks reimbursement for its out-of-pocket litigation expenses in the amount of $535.66, comprised of the initial filing fee, postage, research, and PACER fees.

---

[2] Since November 3, 2022, Plaintiff's counsel has of course expended additional time, finalizing the settlement agreement and preparing these approval papers.

Judge Eric N. Vitaliano
November 17, 2022
Page 6


Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

*/s/Matthew R. Capobianco*

Matthew R. Capobianco, Esq.

Attorney for the Defendants
Enclosures.

4860-8230-2780.1 / 091049-1002